WEEMS, *et al. vs.* MILLARD.—June, 1828.

Upon a general demurrer to a declaration, the only question to be determined by the court, is whether the facts contained in it, (the truth of which are confessed by the demurrer,) show such a case as can be enforced in a court of law.

How far the allegations in the declaration can be sustained by proof, or what is the legal effect of the contract signed by the defendant, (a copy of which was exhibited in a part of the record not under consideration,) are inquiries which do not arise under such a state of pleadings.

APPEAL from *Saint-Mary's* County Court. The plaintiffs in the court below, (now appellants,) brought an action of *as*-

*sumpsit* against the defendant, (the appellee.) The declaration (having been twice amended,) contained *two counts.* The *first count* stated, that the plaintiffs, being proprietors and owners of the steam-boat *Surprise,* heretofore, to wit, on, &c. at, &c. caused the said steam-boat to be advertised and put up for sale in shares, in manner and form following; that is to say—"We the subscribers, promise and oblige ourselves, our heirs and executors, to pay, or cause to be paid, unto *George Weems* and *Company,* the sum we may subscribe, as a payment for the steam-boat *Surprise,* in three equal instalments, in manner and form following, to wit: One third on or before the tenth day of March next; one third on or before the tenth day of May; and the balance on or before the tenth day of June next. It is hereby understood that we, *George Weems* and *Company,* bind ourselves to appropriate the money subscribed in no other manner, than for the payment and use of the said boat; and that each subscriber will hold an interest in proportion to the shares they may take, and will be entitled to draw their proportion of dividends once in every six months after the starting of the said boat. We *George Weems* and *Company,* bind ourselves to run the said boat from *Baltimore* to *Patuxent* river, and as far as *Nottingham,* and to use every possible exertion in our power to the interest of the said boat. The shares will be divided into two hundred and eighty shares, at one hundred dollars each." *(a)*. That on such exposure to sale as aforesaid, to wit, on, &c. at, &c. the defendant became the purchaser of, and with his own hand subscribed the said proposals of sale, of and for one share in the said steam-boat, upon and according to the said conditions; and thereupon afterwards, to wit, on, &c. at, &c. in consideration that the plaintiffs, at the special instance and request of the defendant, had then and there undertaken, and faithfully promised the defendant, to perform and fulfill all things in the said conditions contained on their part to be performed, the defendant then and there undertook and promised to the plaintiffs, to perform every thing in the said conditions on his part to be performed. That although the plaintiffs have been ready and willing, &c. of which the de-

*(a)* This agreement was filed on issuing the writ, and forms a part of the record.

fendant had notice, &c. and was requested by the plaintiffs to pay them the said $100; yet the defendant, &c. The *second count* stated, that the plaintiffs before and at the time of making the contract and undertaking thereinafter mentioned, to wit, on, &c. at, &c. being the proprietors of a certain steam-boat called *The Surprise*, before that time purchased by them, and for which they had not then paid. And whereas the plaintiffs had agreed to divide the interest in the said boat, and the ownership thereof, into shares, to be taken and subscribed for by those who were willing to take and subscribe for the same, and to retain the shares remaining unsubscribed for, to and for their own use, and to be the holders of such stock or shares, which should remain unsubscribed for, and not taken; of all which the defendant then and there had notice. And whereas the plaintiffs, in pursuance of such agreement, on, &c. at, &c. issued the following terms and proposals, to be signed by such persons as would sign the same, to wit: "We the subscribers promise," &c. [as stated in the *first count.*] That the plaintiffs, at the special instance and request of the defendant, did, on, &c. at &c. suffer and permit the defendant to become the purchaser of, and a subscriber with his own proper hand, for one of said shares in the said boat, upon the terms and conditions as aforesaid; and thereupon afterwards, to wit, on, &c. at, &c. in consideration that the plaintiffs, at the special instance and request of the defendant, had then and there undertook and faithfully promised to the defendant, to perform and fulfil all the things in the said condition on their part to be performed, he the defendant then and there undertook and promised to the plaintiffs to perform every thing in the said condition on his part to be performed. That although the plaintiffs have the day and year aforesaid been ready and willing to perform every thing in the said agreement contained on their part and behalf, to be performed and fulfilled, of which the defendant afterwards on, &c. at, &c. had notice, and was then and there requested by the plaintiffs to pay them the said sum of one hundred dollars; yet the defendant his promises and assumptions so as aforesaid made, not regarding, &c. To this declaration there was a general demurrer, and joinder in demurrer; and the county court sustained the demurrer, and rendered

judgment for the defendant.     From which judgment the plaintiffs appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, and DORSEY, J.

*C. Dorsey*, for the Appellants, contended, that the action could be sustained, in opposition to the opinion of the court below, deciding that the contract was void for uncertainty.     The grounds upon which the action was decided as not sustainable, was that the plaintiffs and defendant were partners in the steam-boat; and that the contract was inartificially drawn. Where a sum of money is to be paid by one partner to another by a contract, an action will lie for its recovery.     *3 Bac. Ab.* 709.     1 *Chitty's Plead.* 26.     *Venning v Leckie*, 13 *East*, 7. . *Van Ness v Forrest*, 8 *Cranch*, 30.     *Duncan v Lyon*, 3 *Johns. Ch. Rep.* 351.

*Stonestreet* and *Magruder*, for the Appellee.     The contract is uncertain, and incapable of being executed.     No steps were to be taken under it until the whole fund was raised to effect the purchase of the steam-boat.     The contract does not say of whom the boat was to be purchased, nor by whom, nor what sum of money should be necessary for the purchase.     The contract was never consummated, and no partnership was ever formed.     The contract, as exhibited in the record, was not signed by the plaintiffs so as to bind them.     The whole number of shares was not subscribed, and there was to be no payment made on any share unless the whole fund was raised, nor was the boat to be purchased until then.     To carry the contract into effect the whole sum necessary for the purchase of the boat should be subscribed, and the contract signed by the plaintiffs.

*C. Dorsey*, in reply.     The declaration avers that the plaintiffs were the owners of the steam-boat, &c.     The general demurrer admits all the averments in the declaration to be true. A contract need not be signed by the party who seeks to enforce it.     *Rob. on Frauds*, 124.

DORSEY, J. delivered the opinion of the Court.     This case has been argued by the counsel for the appellee, as if we were.

called on to review an opinion of the court below upon the sufficiency of the testimony offered on the trial, to entitle the plaintiffs to recover. But this is not the duty which we have now to discharge. The only question to be determined is, whether the facts contained in the declaration, as amended, (the truth of which is confessed by the demurrer,) show such a contract as can be enforced in a court of law? That they do, we entertain no doubt. But how far the allegations in the declaration can be sustained by proof, or what is the legal effect and operation of the subscription list signed by the defendant, (a copy of which is exhibited in a part of the record, not now under consideration,) are inquiries which do not arise in the present state of the pleadings.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.